UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,

        Plaintiff,

                                                Case number 04-71787

v.                                                Honorable Julian Abele Cook, Jr.

G&K TRANSPORT SERVICES, INC., ET AL.,

        Defendants.

_____

ORDER

On May 11, 2004, the Plaintiff, General Motors Corporation,("GM"), filed a Complaint, in which it accused the Defendants, G&K Transport ("G&K") and Geani Tsucuneli, a part owner of G&K, of committing commercial bribery. On August 16, 2004, the parties reached a settlement of their disputed issues, the terms of which were subsequently incorporated into an order of dismissal by the Court on the 22nd day of October. On March 10, 2005, GM, asserting that the Defendants had defaulted on their contractual obligations, filed a motion[1] in an effort to obtain (1) the setting aside of October 22, 2004 order of dismissal, (2) the reinstatement of this case, and (3) the entry of a consent judgment in the amount of $197,500, plus interest, against the two Defendants, jointly and severally. For the reasons that are stated below, GM's request will be granted.

This motion requires the Court to reexamine the terms and conditions of the parties' settlement agreement, wherein the Defendants agreed to pay GM the total sum of $200,000 in the

---

[1] As of the date of this Order, neither Defendant has filed any pleadings in opposition to GM's motion.

following manner: (1) $2,500 to be paid immediately upon the execution of their written instrument, and (2) the balance to be paid on a semi-annual basis thereafter. Furthermore, this settlement agreement also contained a consent by G&K to pay interest and attorneys fees in the event of a default.

GM, while acknowledging that the Defendants had made their initial payment in accordance with the settlement agreement, has asserted that they are now in default, in that neither of them have satisfied the remainder of their collective contractual obligations. As a supplement to its motion, GM submitted an affidavit from Stephen J. Murphy,[2] an attorney for GM, who averred that the Defendants had neither made the requisite $10,000.00 payment that was due on February 1, 2005 nor cured their default, as permitted under Section II.B.1(a) of the Agreement.[3]

Having examined the current record in this cause, including the provisions within the parties' settlement agreement, the Court is satisfied that GM has set forth a legitimate basis for the

---

[2]Subsequent to his filing of this motion, Stephen J. Murphy resigned his position with GM and is now serving as the United States Attorney for the Eastern District of Michigan.

[3]Section II.B.1(a) of the settlement agreement provided:
    If Tsucuneli defaults on his obligation to make any payment due, Tsucuneli shall have ten (10) days to cure any default ("the Cure Period) by paying the amount due as of the date payment should have been made. If Tsucuneli fails to cure the default during the Cure Period, Escrow Agent is authorized to have the Consent Order of Reinstatement and Judgment entered against Tsucuneli in the Federal District Court for the Eastern District of Michigan. The Consent Order of Reinstatement and Judgment shall include an affidavit from GM's authorized agent setting forth the payment(s) in default, the total outstanding amount remaining unpaid, and facts establishing Tsucuneli's failure to cure the default as provided in this Agreement. Upon presentation of the Consent Order of Reinstatement and Judgment to the Court for entry, Tsucuneli shall be deemed to have waived any hearing regarding entry of the Consent Order of Reinstatement and Judgment.

granting of its motion. Therefore, the request by GM to (1) vacate the order of dismissal of October 22, 2004, (2) reinstate this action to the trial docket, and (3) enter a consent judgment in its favor and against G&K and Tsucuneli, jointly and severally, in the amount of $197,500.000, together with the statutory post-judgment rate of interest, as well as all costs and attorney fees, is granted.

Dated: <u>April 27, 2005</u>    <u>s/ Julian Abele Cook, Jr.</u>
      Detroit, Michigan    JULIAN ABELE COOK, JR.
          United States District Judge

### Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 27, 2005.

    <u>s/ Kay Alford</u>
    Courtroom Deputy Clerk